**LANCASTER et al. v. TAYLOR.**    (No. 3185.)

(Court of Civil Appeals of Texas. Texarkana. March 2, 1926. Rehearing Denied March 18, 1926.)

1. **Master and servant**  🗝️265(5)—**Negligence of railroad held not inferred, where one employee struck another with sledge hammer when third moved chisel.**

Negligence of railroad cannot be inferred where one shop employee struck another, who was standing behind him, with sledge hammer, when he failed to hit chisel which had been moved slightly by third employee, who was holding it.

2. **Master and servant**  🗝️177—**Railroad not liable for injury by fellow servant, unless negligent.**

Railroad *held* not liable to shop employee injured by fellow servants, unless servants who caused injury were guilty of lack of ordinary care for others while doing their work.

3. **Negligence**  🗝️134(1).

Juries have no right to arbitrarily find negligence without proof.

4. **Master and servant**  🗝️278(17).

Evidence *held* insufficient to support finding of negligence of railroad shop employees as to coemployee hit with sledge hammer.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by John H. Taylor against J. L. Lancaster and others, receivers, and another. From a judgment for the plaintiff, defendants appeal. Reversed and rendered.

King, Mahaffey & Wheeler, of Texarkana, Tex., for appellants.

Jones & Jones, of Texarkana, Ark., for appellee.

HODGES, J. The appeal is from a judgment in favor of the appellee for $750, as damages for personal injuries. The proof shows that in February, 1923, on the date of the injury, Taylor, the appellee, was an employee of the receivers of the Texas & Pacific Railway Company. He was one of a number who worked in the repair shops of the railway company at Texarkana. It was his duty to receive orders for and deliver material to other employees engaged in doing

---

🗝️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

repair work. He was injured under the following circumstances: Two other employees, Nettles and Riggs, were engaged in cutting bolts under the platform of a box car. Riggs was holding a chisel about 2½ or 3 feet long against the end of a bolt, and Nettles was striking the chisel with a sledge hammer which weighed about 8 or 10 pounds. For the purpose of securing some new bolts, Riggs called to Taylor as the latter was passing to bring them. On account of the noise in the shop, Taylor did not distinctly understand what Riggs said, and walked nearer for the purpose of hearing better. He stopped behind, and within about 3 or 4 feet of, Nettles, who was wielding the sledge hammer. While Taylor was standing and listening for the orders from Riggs, Nettles struck at the chisel and missed it. The force of the stroke carried his body around, and the hammer struck Taylor on the side of the face. Taylor was stunned and his face was bruised, but no bones were broken. He alleged in his petition as a ground of recovery that "Riggs negligently and carelessly held the chisel, and Nettles carelessly and negligently struck at it with a sledge hammer; that Nettles missed the head of the chisel bar with the sledge hammer," etc.

The court submitted the following special issues to the jury: (1) Was the plaintiff struck by reason of negligence on the part of Nettles? (2) Was the plaintiff caused to be struck by the hammer in the hands of Nettles by reason of Riggs moving the chisel bar which Nettles was at the time attempting to strike? (3) Was the act of Riggs in moving the chisel at the time negligence? (4) Was the negligence of both Nettles and Riggs the proximate cause of the injury? To each of these questions the jury answered, "Yes." In response to other issues the jury found that Taylor was not guilty of contributory negligence, and had not assumed the risk of the injury.

The main contention in this appeal is that the evidence did not support a finding of negligence on the part of either Nettles or Riggs. The testimony is undisputed that Nettles was engaged in doing his work, striking the chisel, in the usual way. There is nothing to indicate that he altered his position or changed his method when Taylor walked up behind him. Nettles did not see Taylor, or know how close Taylor was to him, but knew that Taylor was somewhere behind him. The mere fact that Nettles missed the head of the chisel bar, which was about an inch and a quarter in diameter, is the only evidence of negligence on his part.

The witnesses testified that the cutting end of the chisel was higher than its head. From that it follows that Nettles was striking a blow somewhat upward. Furthermore, the jury found that Nettles was caused to miss the chisel because it was moved by Riggs just as Nettles struck. It is difficult to understand how Nettles can be convicted of negligence in missing the chisel when he was caused to miss it by the act of Riggs in moving it. The two findings of fact with reference to Nettles are wholly irreconcilable. The only evidence that Riggs moved the chisel is the following testimony, which was admitted over the objection of the appellant:

"Q. Mr. Nettles, do you know what caused you to miss the chisel bar? A. No, sir.

"Q. What is your best opinion about whether Riggs moved that chisel bar or not? A. Well, that would be hard for me to state.

"Q. Well, what was your impression right at the time? What would you say? A. Well, it seemed to me that he must have wabbled the bar a little. I don't know now, but that is the way it appeared to me.

"Q. That is the way it appeared to you, that he wabbled the bar, and that caused you to miss it? A. Yes, sir.

"Q. Have you ever missed one before? A. I don't remember it.

"Q. Do you remember ever missing one afterwards? A. No; I don't think so."

It will be observed that Nettles is exceedingly uncertain, and testifies only to a vague impression which is but little, if any, better than an opinion or conclusion drawn from the fact that he missed the chisel.

[1-4] But, conceding that the jury might have found from that evidence that Riggs did move the chisel "a little" is that bare fact sufficient to find that Riggs was also negligent? This is not a situation in which negligence can be inferred from the mere happening of the act that caused the injury. There are many things besides carelessness which might cause one holding a chisel in that manner to move it "a little." Appellant is not legally liable to the appellee, unless its servants who caused the injury were guilty of a lack of ordinary care for others while doing their work, and juries have no right to arbitrarily find negligence when there is no proof of any.

We are of the opinion that the evidence is insufficient to show negligence on the part of either Riggs or Nettles. We also think the testimony as to the lectures and directions of the foreman, Zone, was irrelevant, and should not have been admitted.

The judgment is reversed, and judgment is here rendered for the appellants.